UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

```
                                 )
DON DiFIORE, LEON BAILEY,        )
JAMES E. BROOKS, RITSON          )
DESROSIERS, MARCELINO COLETA,    )
TONY PASUY, LAURENCE ALLSOP,     )
CLARENCE JEFFREYS, FLOYD WOODS,  )
and ANDREA CONNOLLY,             )
                                 )
          Plaintiffs             )
                                 )
     v.                          )   CIVIL ACTION
                                 )   NO. 07-10070-WGY
AMERICAN AIRLINES, INC.,         )
                                 )
          Defendant.             )
                                 )
```

                         ORDER OF CERTIFICATION

YOUNG, D.J.                                         October 1, 2008

**I.   INTRODUCTION**

Skycaps have long been a fixture at the curbside of airline terminals nationwide. In the past, the cost to passengers for the skycaps' assistance with luggage and check in was limited to a tip given at the discretion of the passenger. In 2005, however, the defendant, American Airlines ("American"), imposed a $2 mandatory charge for the use of skycap services. The skycaps, however, retained no part of this fee. Instead, the skycaps, after collecting the fee, were required to turn it over to G2 Secure Staff LLC and American, who split the fee amongst themselves.[1]

---

[1] G2 Secure Staff, LLC ("G2") employs skycaps and contracts with airlines to provide skycap services at airports across the

This change in operations spurred two skycaps working at the American terminal at Boston's Logan International Airport[2] to file suit in December 2006. Although the skycaps asserted a variety of statutory and common-law causes of action, on which they proceeded with varying degrees of success, of specific relevance here is the skycaps' claim that the $2 fee constituted a service charge and that American's retention of any portion of the $2 fee thus violated the Massachusetts Tips Statute, Massachusetts General Laws chapter 149 section 152A.

The Tips Statute claim, along with a claim of tortious interference with contractual or advantageous relations, was presented to a jury in March and April 2008. Although the jury returned a verdict in favor of all but one of the plaintiffs, this Court granted in part American's motion for a new trial shortly thereafter. The Court concluded, based on its reading of the Tips Statute, that it erred in instructing the jury on what constituted a "service charge" under the statutory definition. The construction of this portion of the Massachusetts Tips Statute presented an issue

---

country. Am. Compl. ¶ 8. American had entered into such a contract with G2, and a number of the skycaps – including eight named plaintiffs in this action – who worked at at the American terminal at Logan were directly employed by G2.

[2] As will be discussed below, by the time this case got to the jury, the group of plaintiffs had expanded both in size and geographic scope.

of first impression, and neither party was satisfied with the Court's conclusion on the issue.

## II. PRIOR PROCEEDINGS

In December 2006, two skycaps working at Boston Logan International Airport's American terminal filed a putative class action lawsuit in the Massachusetts Superior Court sitting in and for the County of Suffolk. Notice of Removal [Doc. 1] at 1-2; see also Compl. [Doc. 1 Ex. A]. American, one of the two named defendants at the time, removed the suit to this Court on January 16, 2007.[3] An amended complaint filed January 24, 2007 added an additional named plaintiff, a skycap working at the American terminal in St. Louis, Missouri. Am. Compl. [Doc. 8] ¶ 6. The amended complaint also reduced by two the theories of recovery asserted by the plaintiffs, alleging a total of six counts: (1) a violation of the Massachusetts Tips Statute, Mass. Gen. L. ch. 149 § 152A; (2) a violation of the Massachusetts minimum wage law, Mass. Gen. L. ch. 151 §§ 1, 7; (3) tortious interference with contractual or advantageous relations; (4) quantum meruit; (5) conversion; and (6) unjust enrichment. Am. Compl. at 5-7.

On February 21, 2007, American filed a motion to dismiss [Doc. 11], arguing that the plaintiffs' claims were preempted by the Airline Deregulation Act, that the plaintiffs lacked standing to

---

[3] G2 was the second defendant. It was dismissed from the suit by stipulation [Doc. 25] shortly after the suit was removed.

bring a minimum wage claim, and that the complaint failed to state a claim upon which relief could be granted. See American's Mem. in Supp. Mot. to Dismiss [Doc. 17]. The Court denied the motion on April 12, 2007. DiFiore v. American Airlines, Inc., 483 F. Supp. 2d 121, 128 (D. Mass. 2007). On April 30, the plaintiffs filed a second amended complaint, which no longer asserted the state minimum wage law claim. See 2d Am. Compl. [Doc. 39] at 5-6.

Two weeks later, the plaintiffs filed a motion to certify a class [Doc. 44]. Before the Court ruled on that motion, American filed a motion for summary judgment [Doc. 54]. The plaintiffs concurrently moved for partial summary judgment [Doc. 55] with respect to their Tips Statute claim. At a hearing on September 11, 2007, the Court denied the motion for class certification[4] as well as the skycaps' motion for partial summary judgment. It granted, however, American's motion for summary judgment with respect to all but two counts: the Massachusetts Tips Statute claim and the claim for tortious interference with contractual or advantageous relations. On November 7, 2007, the plaintiffs filed a third amended complaint adding seven additional named plaintiffs, all of whom worked at the American terminal at Logan Airport. See 3d Am. Compl. [Doc. 87] at 1.

---

[4] The skycaps' petition for leave to appeal the Court's denial of a nationwide class was denied by the First Circuit Court of Appeals on December 14, 2007.

4

On April 7, 2008, a jury returned a verdict in favor of all but one of the ten plaintiff skycaps and ordered American to pay damages in excess of $325,000.  Jury Verdict [Doc. 145] at 1-4.  American filed a renewed motion for judgment as matter of law [Doc. 152] as well as a motion for a new trial or, in the alternative, for remittur [Doc. 150].  On June 19, 2008, this Court denied the motion for judgment as matter of law but allowed in part and denied in part the motion for a new trial.  DiFiore v. American Airlines, — F. Supp. 2d –, 2008 WL 2486255 (D. Mass. 2008).  The parties agreed at a status conference one month later that they wished to certify the statutory construction at the core of the Court's decision to grant a new trial to the Supreme Judicial Court.

**III. BACKGROUND**

Although the Massachusetts Tips Statute has existed in some form since 1952, the present version was not enacted until 2004.  Previous iterations of the Tips Statute did not define "service charge," and courts called upon to interpret the term's meaning thus did so based upon its "ordinary meaning" and "common underst[anding]."  Cooney v. Compass Group Foodservice, 69 Mass. App. Ct. 632, 637 (2007) (applying pre-2004 version of Tips Statute).

The most recent version of the Tips Statute, however, defines a service charge as used therein as:

> a fee charged by an employer to a patron in lieu of a tip
> to any wait staff employee, service employee, or service

> bartender, including any fee designated as a service charge, tip, gratuity, or a fee that a patron or other consumer would reasonably expect to be given to a wait staff employee, service employee, or service bartender in lieu of, or in addition to, a tip.

Mass. Gen. L. ch. 149 § 152A(a).  No court has addressed the scope of this statutory definition.

### A. The Parties' Proposed Constructions

Because the skycaps' theory of recovery under the Tips Statute depended on the $2 fee being considered a "service charge," the statutory definition played a central role in this case.  The parties vigorously debated the proper reading of this provision.

#### 1. American

American, focusing on the presence of the word "employer" at the beginning of the definition, argued that the plain language of the statute demonstrated that "[a] 'service charge' is something that can only be undertaken by an employer."  Mem. in Supp. of Renewed Mot. for J. as Matter of Law [Doc. 153] at 5.  In other words, the two specific fees mentioned in the definition – (1) fees designated as, inter alia, service charges and (2) fees that patrons would expect to be given to a service employee – are merely examples of "fees charged by an employer" that should be considered service charges.

Were this the case, American asserts it would be in the instant action largely shielded from Tips Statute liability – and, accordingly, from liability for tortious interference, which is

6

derivative of the Tips Statute claim[5] – because American directly employs only one of the plaintiff skycaps.  The other skycaps are employed by G2 Secure Staff, with whom American has contracted to obtain skycap services.[6]  See supra note 2.

### 2. Skycaps

The plaintiff skycaps urged the Court to read the statutory definition expansively.  Because liability can attach to employers or "other persons" under the Tips Statute, Mass. Gen. L. ch. 149 § 152A(b)-(d), the skycaps reasoned that the failure to include "or other person" in the statutory definition of service charge was a legislative oversight, not a deliberate decision to limit to whom liability can attach.  The skycaps therefore argued the Court should construe "service charge" to mean "a fee charged by an employer or other person to a patron. . . ."  See, e.g., Mem. in Opp. to Renewed Mot. for J. as Matter of Law [Doc. 161] at 5.

In the alternative, the skycaps argued that American could still be liable even if, as American asserted, the definition of "service charge" was limited to fees charged by employers.  Neither

---

[5] The skycaps relied at least in part upon the alleged violation of the Tips Statute to demonstrate the element of improper means or motive.

[6] During briefing on the post-trial motions, the plaintiff skycaps raised the argument that American should be considered their joint employer. Post-Trial Letter [Doc. 168].  The Court ruled the argument waived.  DiFiore, 2008 WL 2486255, at *1 n.4.

7

side disputed that American is <u>an</u> employer as the term is defined in the Tips Statute because it does employ some service employees. See Mass. Gen. L. ch. 149 § 152A(a). The skycaps thus argued that the $2 per bag fee satisfied the statutory definition – even with regard to complaints brought by skycaps not employed by American – because "[n]owhere does the statute state that employers are liable for service charges only as to their own employees." Mem. in Opp. to Renewed Mot. for J. as Matter of Law at 4.

### B.  The Jury Instruction

When confronted with the debate regarding the proper construction of the statutory definition at summary judgment and again in American's first motion for judgment as matter of law [Doc. 137], the Court tentatively accepted[7] the skycaps' first argument – that the omission of "or other person" was a legislative oversight – and permitted the case to proceed. The Court adhered to this position when instructing the jury, omitting the statutory definition's reference to fees "charged by an employer" and instead simply stating:

> [u]nder the Massachusetts [T]ips [S]tatute, a service charge is a fee charged to a patron in lieu of or in addition to a tip and includes any fee designated as a service charge, tip, gratuity as well as fees . . . charged that a patron or other consumer would reasonably expect to be given to a service employee in lieu of or in addition to a tip.

---

[7] The Court warned the skycaps, however, that it was not entirely convinced that their reading was correct and that the Court might revisit the issue in the future.

Jury Inst. Tr. at 19.  The Court went on to explain that under this reading of the Tips Statute:

> the skycaps can recover against American under the Massachusetts [T]ips [S]tatute by proving <u>either</u> that the $2 per bag curbside check-in fee was designated by American as a service charge, tip, or gratuity, or that patrons or other consumers would reasonably expect that the $2 fee was a tip being collected on behalf of the skycap and would be <u>given</u> to the skycap instead of or in addition to a tip.

Jury Instr. Tr. at 19 (emphasis added).

### III. THE COURT'S STATUTORY CONSTRUCTION

After the parties submitted their post-trial briefing, the Court engaged in further study of the statutory definition, ultimately concluding that the proper construction lay somewhere in between those advanced by the parties.  On the one hand, the Court thought it improper to broaden the scope of the definition, as urged by the skycaps, by reading in "or other person" after "fee charged by an employer."  DiFiore, 2008 WL 2486255, at *2.  In so concluding, the Court noted that the plain language of the statutory definition is clear and unambiguous, that adhering to it would not result in "obvious injustice or absurd results," and finally that the legislature reexamined and amended the statutory definition several times before enacting it into law, undercutting the skycaps' argument that the omission of "or other person" was a legislative oversight.  Id. at *2 & n.5.

At the same time, however, the Court ruled that plain language of the definition demonstrated that its scope is not so narrow as American claims. Rather, after the Court carefully analyzed the statutory definition, it appeared clear that the definition encompasses two alternative types of fees: (1) "fee[s] charged by an employer to a patron in lieu of a tip to any [protected employee], including any fee designated as a service charge, tip, [or] gratuity" or (2) "fee[s] that a patron or other consumer would reasonably expect to be given to" a service employee "in lieu of, or in addition to, a tip." Id. at *2. In other words, while the first type of fee qualifies as a service charge only if it is charged by an employer, the second type of fee qualifies as a service charge regardless of by whom it is charged so long as the consumer believes the service employee will ultimately receive it.

In reaching this conclusion, the Court necessarily evaluated – and rejected – alternate constructions of the statutory definition, of which there were two. Under both readings, the only type of fee that qualifies as a service charge is a "fee charged by an employer in lieu of a tip to any [protected employee]." The difference between the constructions lies in how one construes the portion of the statutory definition following the word "including."

Under the first option, "including" would introduce a four-item list of the labels that might be attached to employer-imposed fees that should be considered service charges. Thus, "or a fee

10

that a patron . . . would reasonably expect to be given to a [protected employee] in lieu of, or in addition to, a tip" would be the final item in the series, following "service charge, tip, gratuity." Id. at *2 n.6; see also Mass. Gen. L. ch. 149 § 152A(a). At first glance, this construction appears conceivable given the lack of the word "or" between "tip" and "gratuity," which might suggests that what follows the latter – "or a fee that a patron . . ." – concludes the list. See DiFiore, 2008 WL 2486255, at *2 n.6.

The Court dismissed this construction as plainly wrong. When the list is broken apart, the definition of "service charge" would consist of "any fee charged by an employer to a patron in lieu of a tip . . . including any fee designated as a service charge, any fee designated as a tip, any fee designated as a gratuity, or any fee designated as a fee that a patron . . . would reasonably expect to be given to [protected] workers in lieu of, or in addition to, a tip." While an employer obviously can call a fee a "service charge" or "gratuity," it would be absurd for an employer to label a fee as a "fee that you, the patron, will reasonably expect to be given to a service employee." Accordingly, the Court concluded that the omission of the word "or" between "tip" and "gratuity" is a scrivener's error. Id.

A second alternative construction also begins by recognizing that the clause beginning with "including" indisputably modifies "a

11

fee charged by an employer." Under this reading, however, what follows "including" is not a four-item list but instead two examples of employer-imposed fees that should be considered service charges: (1) employer-imposed fees specifically designated as service charges, tips, or gratuities and (2) employer-imposed fees that a patron would reasonably expect to be given to a service employee. This construction, although more plausible than the first, ultimately struck this Court as incorrect. As the Court explained in its opinion granting American's motion for a new trial:

> The fact that the statute uses the disjunctive strongly suggests the existence of two alternative definitions. . . . [If the statute instead gave two examples of employer-imposed fees,] one would expect the two examples to be joined with "and" rather than "or."
>
> Perhaps more notably, it is a rule of grammar that nonrestrictive or parenthetical clauses in sentences are set off by commas. See THE CHICAGO MANUAL OF STYLE 247-48, 250 (15th ed. 2003); WILLIAM STRUNK, THE ELEMENTS OF STYLE 2-5 (4th ed., Longman 2000); U.S. GOVERNMENT PRINTING OFFICE, STYLE MANUAL 131 (29th ed. 2000). Here, the relevant portion of the statute reads:
>
>> [a fee charged by an employer . . . ,] including any fee designated as a service charge, tip, [or] gratuity, or a fee that a patron or other consumer would reasonably expect . . . .
>
> The clause beginning with "including" is not essential to the meaning of the sentence; it simply provides examples of "fees charged by an employer." Accordingly, the presence of a comma after "gratuity" signals that this nonrestrictive clause has come to an end; if the clause instead was designed to provide two examples [of employer-imposed fees], one would expect this comma to be absent. Thus, the statute as written indicates that "or a fee that a patron . . ." stands apart from what

precedes it.  See United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am. Inc., 508 U.S. 438, 454 (1993) ("[T]he meaning of a statute will typically heed the commands of its punctuation."); United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) ("This reading is also mandated by the grammatical structure of the statute.  The phrase 'interest on such claim' is set aside by commas, and separated from the reference to fees, costs, and charges by the conjunctive words 'and any.'  As a result, the phrase 'interest on such claim' stands independent of the language that follows.").

Juxtaposition of the definition of "service charge" with other definitions provided in the Tips Statute confirms this grammar-based interpretation.  For example, the definition of "employer" is structured virtually identically to the definition of "service charge" and reads:

> any person or entity having employees in its service, including an owner or officer of an establishment employing [protected workers], or any person whose primary responsibility is the management or supervision of [protected employees].

Mass. Gen. L. ch. 149 § 152A(a).  Similarly, the definition of "patron" is given as:

> any person who is served by a [protected employee] at any place where such employees perform work, including . . . any restaurant, banquet facility or other place at which prepared food and beverage is served, or any person who pays a tip or service charge to any [protected worker].

Id.  Given that the Massachusetts legislature repeatedly used the same structure to create alternative definitions elsewhere in the Tips Statute, it is only logical to read the definition of "service charge" as doing the same.

Finally, any doubt . . . about the proper interpretation of the definition of "service charge" can be assuaged by reference to previous iterations of the current Tips Statute.  Specifically, the first version of the Tips Statute provided this short, simple definition of "service charge":

> a fee charged by an employer to a patron in lieu of a tip to a wait staff employee, or a fee which a patron or other consumer would reasonably expect to be given to a wait staff or service employee in lieu of, or in addition to a tip.

> S.B. 72 (2001). There is simply no way to read Senate Bill 72 other than as creating two alternative definitions: a service charge consisted of either a "fee charged by an employer in lieu of a tip" or "a fee that a patron or other consumer would reasonably expect to be given . . . in lieu of, or in addition to[,] a tip." When it later reconsidered the statute, the legislature thought it prudent to specify that the statute covered fees in the [former] category that the employer designated as a service charge, tip, or gratuity. See H.B. 499 (2003) (adding "including any fee designated as a service charge, tip, [or] gratuity" to the definition). This addition, however, did not alter the basic structure of the definition written in 2001, which created two alternative definitions.

DiFiore, 2008 WL 2486255, at *2-*3 (footnotes omitted).

Finally, for the same reasons the Court thought it improper to expand the scope of the first type of fee by adding "or other person" after "a fee charged by an employer," the Court refused to restrict the scope of the second type of fee by adding "charged by an employer" to "a fee that a patron or other consumer would reasonably expect to be given to [protected employees]." Id. at *4. Accordingly, the Court concluded that the proper construction of the statutory definition of "service charge" encompasses fees charged by an entity that is not the protected worker's employer as long as a patron would reasonably expect that the worker would receive the proceeds of the fee. Protected workers seeking to recover against their employer can, in the alternative, establish

14

that a fee is a service charge under the Tips Statute by proving that it was labeled by the employer as a service charge, tip, or gratuity.

**IV.   APPLICATION OF CONSTRUCTION TO POST-TRIAL MOTIONS**

**A.   Judgment as Matter of Law**

The construction adopted by the Court does permit fees charged by non-employers to be considered a service charge in some instances. Because the Court was "not convinced that no reasonable juror could have concluded that [a] reasonable American passenger would have thought that the $2 [fee] would be given to the skycaps," the Court denied the motion for judgment as matter of law. Id.

**B.   New Trial**

Under the construction adopted by the Court, the skycaps not employed by American can prove that the $2 fee was a service charge – and thus prevail on their Tips Statute claim – only if they demonstrate that passengers reasonably would have expected the skycaps to receive the fee.[8] The Court, however, having accepted for the time being the skycaps' argument that "or other person"

---

[8] The Court rejected as "too tortuous a reading of the statute" the proposition that any fee charged by American constitutes "a fee charged by an employer in lieu of a tip" – even when the complainant is not an American employee – because American is an employer as that term is defined in the Tips Statute. DiFiore, 2008 WL 2486255, at *1 n.4 (quoting Pl.'s Mem. in Opp. to Renewed Mot. for J. as Matter of Law at 4); see also supra part I(A)(2).

15

should be read into the statute due to its omission being a legislative oversight, told the jury otherwise. "The Court in essence instructed jurors to apply the first definition of 'service charge' to the" claims brought by skycaps not employed by American "by reciting it – a fee charged to a patron in lieu of a tip, including fees designated as service charges, tips, or gratuities – without limiting it to such fees charged by employers" and then explicitly stating that American was liable if the $2 fee "was designated by American as a service charge, regardless of how passengers perceived the fee." DiFiore, 2008 WL 2486255, at *4 (internal quotation marks omitted); see also Jury Inst. Tr. at 19 (containing relevant portion of jury instructions).

Accordingly, the Court granted the motion for a new trial on the issue of liability only as to the eight prevailing skycaps not employed by American.[9] The Court explained its rationale for the ruling as:

> The [jury] instruction . . . impermissibly broadened the scope of the statutory definition and constituted error. The fact that the Court also correctly instructed the

---

[9] This ruling preserved the jurors' verdict in favor of plaintiff Don DiFiore. The error in jury instructions was harmless as to him because he is directly employed by American, and the jury thus "could properly have found the $2 fee a service charge because it fell into either of the categories [of fees] put forth in the statutory definition." DiFiore, 2008 WL 2486255, at *5 n.10.
   This ruling also preserved the jurors' verdict in American's favor with regard to James E. Brooks, as well as the jury's calculation of the damages American should be required to pay. Id.

16

> jurors that they could find the $2 fee a "service charge" if a passenger reasonably would have expected the fee to have been given to the skycaps does not resolve the matter. The jury returned a general verdict in this case. Thus, the Court cannot be certain whether the jurors, when reaching their verdict with regard to the . . . skycaps [not employed by American], used the correct or incorrect portion of the instruction as the basis for their conclusion that the $2 fee constituted a service charge.
>
> The error also infects the jury's verdict in favor of six . . . skycaps [not employed by American] for tortious interference with advantageous relations. The Court instructed the jurors that a necessary element of the claim, improper means or motive, could be satisfied by a violation of the Tips Statute. Jury Instruction Tr. at 25. Because of the general verdict returned by the jury, the Court cannot know whether the jury found independent improper motive or means, see id. at 25-26 (explaining alternate grounds upon which improper means or motive could exist), or whether the tainted Tips Statute verdict served as the predicate upon which the jurors found tortious interference.

DiFiore, 2008 WL 2486255, at *5.

**V. ORDER FOR CERTIFICATION**

The proper construction of the statutory definition of "service charge" makes all the difference here. If the Court reached the correct conclusion, the victory achieved by eight skycaps will be erased in favor of a new trial. Identification of an alternate construction as the correct one has equally significant ramifications: American would be completely shielded from Tips Statute liability with regard to the eight non-employee skycaps (and possibly from liability for tortious interference as well) or, in the alternative, there would be a basis upon which the verdict in favor these skycaps may stand.

Because the fate of this case hinges on a question of Massachusetts law as to which there are no controlling precedents in the decisions of the Supreme Judicial Court of Massachusetts, this Court respectfully certifies the following question to the Supreme Judicial Court of Massachusetts pursuant to its Rule 1:03:

> Does the Massachusetts Tips Statute's definition of "service charge" encompass two different types of fees, the first of which (a fee charged in lieu of a tip) must be charged by the plaintiff's employer in order to satisfy the definition and the second of which (a fee that patrons reasonably believe will be given to a protected employee) may be charged by anyone?

This Court of course welcomes the advice of the Supreme Judicial Court of Massachusetts on any other questions of Massachusetts law deemed material to this case.

The Clerk will transmit this question and copies of the record, briefs, and appendices in this case to the Supreme Judicial Court of Massachusetts.

This case will remain administratively closed and proceedings stayed, except with regard to any class certification litigation that may arise, until a response to the certified question is received from the Supreme Judicial Court.

SO ORDERED.

/s/ William G. Young
_____
**WILLIAM G. YOUNG**
**DISTRICT JUDGE**