UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
DON DiFIORE, LEON BAILEY,           )
JAMES E. BROOKS,                    )
RITSON DESROSIERS,                  )
MARCELINO COLETA, TONY PASUY,       )
LAURENCE ALLSOP,                    )
CLARENCE JEFFREYS, FLOYD WOODS,     )
ANDREA CONNOLLY,                    )
                                    )
          Plaintiffs,               )
                                    )
          v.                        )  CIVIL ACTION
                                    )  NO. 07-10070-WGY
AMERICAN AIRLINES, INC.,            )
                                    )
          Defendant.                )
                                    )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                    February 18, 2010


     This motion for attorneys' fees follows a trial between

American Airlines ("American") and certain skycaps working at

American's terminals in Massachusetts and Missouri (the

"Skycaps").  Pl.'s Mot. for Atty Fees and Costs [Doc. No. 155].

I.   INTRODUCTION

     On April 7, 2008, the jury returned a verdict for Don

DiFiore, Leon Bailey, Ritson Desrosiers, Marcelino Coleta, Tony

Pasuy, Laurence Allsop, Clarence Jeffreys, Floyd Woods, and

Andrea Connolly, finding that American violated the Massachusetts

Tips Law, Mass. Gen. Laws ch. 149, § 152A.  Those Skycaps now move to recover attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 149, § 150.

American does not dispute that the Skycaps are entitled to recover attorneys' fees and costs.  It asks this Court rather, substantially to reduce amount of the fees and costs, arguing that the requested amount results from inflated hourly rates and unnecessary, or insufficiently detailed billable hours.  Def.'s Opp'n to Mot. for Atty Fees and Costs [Doc. No. 164].

## II.  ANALYSIS

A party who prevails under Mass. Gen. Laws ch. 149, § 152A is expressly authorized to seek reasonable attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 149, § 150.  Thus, the Skycaps properly move that this Court determine the amount of fees and costs that ought be awarded.

The applicable standard to determine the amount of the attorney's fees is the "lodestar approach."  Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993).  Under the lodestar approach, the prevailing party is entitled to recover a "fair market rate for the time reasonably spent preparing and litigating a case." Id.  Accordingly, the Court must determine 1) the amount of time reasonably expended and 2) a reasonable rate for attorneys based on average rates for similar work in the community; then, multiply the two figures.  Based on the special circumstances of

the instant case the court may enhance or depart from the
lodestar amount.  See generally Hensley v. Eckerhart, 461 U.S.
424, 434 (1983).

A.    **The Skycaps' Claim Calculation**

The Skycaps requested attorneys' fees as summarized in a
table below.

| Lawyer | Hours | Rate | Total |
|---|---|---|---|
| Shannon Liss-Riordan (SLR) | 434.20 hours | $400/hour | $173,680 |
| Hilary Schwab (HS) | 484.00 hours | $300/hour | $145,200 |
| David Milton (DM) | 42.10 hours | $225/hour | $9,472 |
| Erica Crystal (EFC) | 88.50 hours | $225/hour | $19,913 |
| TOTAL | | | $348,256 |

The Skycaps also asked for recovery of the expenses in the
amount of $18,623.44.

B.    **Hours Reasonably Expended**

First, the Court analyzes whether all the time, as specified
in the billing records submitted by the Skycaps, was reasonably
spent.  Proceeding to a line-item analysis of the fee charts, the
Court addresses only those individual fees that must be
discounted or reduced.  The remainder, which this Court has
examined and considered, are reasonable and require no further
discussion.

First, all time attributed to the motion for class
certification, which was denied by the Court, must be subtracted.

The Skycaps have already deducted the time spent in connection with their attempt to certify the class.  The following hours should also be subtracted:[1]

| Date | Attorney | Description | Hours | Hours deducted |
|------|----------|-------------|-------|----------------|
| 3/12/07 | HS | Call to class members and follow up | 0.60 | 0.60 |
| 6/6/07 | HS | Scheduling discovery; discovery and class certification issues | 0.30 | 0.30 |
| 6/13/07 | HS | Call with Dallas skycaps; Amy Mariani call re discovery | 0.50 | 0.50 |
| 6/13/07 | HS | Prep re class motion and motion to compel | 0.01 | 0.01 |
| 12/14/07 | HS | Call with Milwaukee G2 employee, Cassandra Totten | 0.50 | 0.50 |
| 5/31/07 | SLR | Take 30(b)(6) depo in Dallas, meet w/Dallas Skycaps, plan next steps | 8.00 | 3.00 |

Many entries described above contain both tasks related to class certification that must be deducted, and other tasks that can be included in the calculation of total hours.  Due to block billing, however, the Court is unable to apportion the time to each task.  Thus, even if some task within such combined entry is appropriate for billing, it lacks sufficient description.

---

[1] All tables are comprised of plaintiffs' attorneys' time entries found in the Skycaps' billing charts.  Pl.'s Mot. for Atty Fees and Costs, Ex. A [Doc. No. 155].

Accordingly, such time entries will be deleted in their entirety. Additionally, the last entry is reduced to 5.00 hours since the deposition of American lasted five hours. Def.'s Opp'n to Mot for Att Fees and Costs, at 7; Ex. D [Doc. No. 164]. Thus, a total 2.00 hours must be deducted from Hillary Schwab's time record and 3.00 hours from Shannon Liss-Riordan time record.

Further, all time attributed to the representation of James Brooks, a losing plaintiff, must be subtracted.

| Date | Attorney | Description | Hours | Hours deducted |
|------|----------|-------------|-------|----------------|
| 1/3/07 | HS | Call from St. Luis skycap | 0.50 | 0.50 |
| 1/18/07 | HS | Drafting Amended Complaint; add St. Louis plaintiff | 1.30 | 1.30 |
| 1/22/07 | HS | Calls with Leon Bailey and James Brooks | 0.50 | 0.50 |
| 1/24/07 | HS | Brooks call; research; file amended complaint | 0.40 | 0.40 |
| 1/25/07 | HS | Review Brooks docs; call Brooks | 0.30 | 0.30 |
| 2/7/07 | HS | Brooks Meeting | 1.00 | 1.00 |
| 2/7/07 | SLR | Meet w/ Brooks; conf. w/ HS re: legal strategy | 1.50 | 1.50 |
| 6/25/07 | HS | Depo prep; Brooks and DiFiore depos; revising motion to compel | 9.40 | 3.60 |
| 7/31/07 | HS | Call with skycap Brooks | 0.30 | 0.30 |
| 2/14/08 | HS | Prepare Brooks tax returns to send | 0.40 | 0.40 |
| 2/18/08 | HS | Prep for Brooks depo and defending Brooks depo | 3.50 | 3.50 |
| 3/23/08 | HS | Trial prep for Brooks examination and Smith and Ferguson examinations | 6.90 | 6.90 |

Entry 6/25/07 is reduced for 3.60 hours, equaling the time spent on Brooks deposition and preparation for it.  Def.'s Opp'n to Mot for Att Fees, at 6, Ex. B [Doc. No. 164].  Thus, the total 18.70 hours must be deducted from Hillary Schwab's time record and 1.50 hours from Shannon Liss-Riordan's time record.

Further, all time related to the Skycaps motion for summary judgment, which was denied by the Court, must be deducted. Deductions, described in the table below, result in total of 11.40 hours for Hillary Schwab and 7.50 hours for Shannon Liss-Riordan.

| Date | Attorney | Description | Hours | Hours deducted |
|------|----------|-------------|-------|----------------|
| 4/10/07 | HS | Strategy re dispositive motions; drafting sj motion | 4.00 | 4.00 |
| 4/10/07 | SLR | Conf. w/ HS re: case management schedule, moving for summary judgment, discovery | 0.50 | 0.50 |
| 6/27/07 | HS | Planning on summary judgment motion | 0.70 | 0.70 |
| 6/27/07 | SLR | Plan summary judgment motion, next steps in case | 1.00 | 1.00 |
| 6/29/07 | HS | Drafting sj motion | 2.50 | 2.50 |
| 7/1/07 | SLR | Work on summary judgment motion | 1.50 | 1.50 |
| 7/5/07 | HS | SJ brief – meeting with SLR | 0.40 | 0.40 |
| 7/5/07 | SLR | Work on summary judgment, strategize re: trial | 1.50 | 1.50 |
| 7/8/07 | HS | SJ Motion | 3.10 | 3.10 |

| 7/8/07 | SLR | work on summary judgment | 1.00 | 1.00 |
| 7/9/07 | HS | Finalizing SJ motion | 4.00 | 4.00 |
| 7/10/07 | HS | Correcting SJ mem | 0.20 | 0.20 |
| 8/16/07 | HS | SJ reply brief | 0.50 | 0.50 |
| 8/17/07 | HS | SJ reply | 3.30 | 3.30 |
| 8/17/07 | SLR | Work on summary judgment reply, plan strategy for amending complaint, trial, etc. | 2.00 | 2.00 |

Moreover, all time attributed directly to American's motion in limine to preclude evidence of lost income or, in the alternative to compel production of tax returns, which was granted by the Court, must be subtracted.  Deductions, described in the table below, result in total of 2.50 hours for each Hillary Schwab and Shannon Liss-Riordan.

| Date | Attorney | Description | Hours | Hours deducted |
|---|---|---|---|---|
| 12/20/07 | SLR | Set up mediation, work on strategy for trial, opposition to motion to compel, emails w/ Michael Fitzhugh on motion to quash deposition of tax preparer assistant | 1.50 | 1.50 |
| 12/21/07 | HS | Emergency motion to continue deposition and opp to defendant's motion to compel on tax issues; planning trial prep in coming weeks | 2.50 | 2.50 |
| 1/8/08 | SLR | Work on opposition to American's motion in limine re tax returns | 0.50 | 0.50 |

| Date | Attorney | Description | Hours | Hours deducted |
|---|---|---|---|---|
| 1/21/08 | SLR | Work on opposition to motion in limine on taxes, opposition to motion to quash G2 subpoena | 0.50 | 0.50 |

Further, the Court will deduct all time associated with the Skycaps' post-trial motion for trebling damages, which was in the main denied by the Court.  As a result, a total of 13.70 hours must be deducted from Hillary Schwab's time record.

| Date | Attorney | Description | Hours | Hours deducted |
|---|---|---|---|---|
| 4/18/08 | HS | Draft motion for trebling and March and April bags | 0.60 | 0.60 |
| 4/22/08 | HS | Drafting post-trial motions; meeting with plaintiffs | 3.70 | 3.70 |
| 4/24/08 | HS | Work on motion re trebling, etc. | 1.10 | 1.10 |
| 4/28/08 | HS | Post-trial motion - mandatory trebling, etc. | 0.90 | 0.90 |
| 4/29/08 | HS | Post-trial motions - trebling | 1.20 | 1.20 |
| 4/30/08 | HS | Post-trial motions - trebling motion; attorney fee petition | 4.00 | 4.00 |
| 9/08/09 | HS | Work on post-trial motions - motion for trebling and motion re reply brief | 2.20 | 2.20 |

Moreover, time related to preparation for alternative dispute resolution involving the claims against co-defendant, G2 Services, Inc., must be subtracted.  Deductions are described in

the table below and result in a total deduction of 5.50 hours for

Hillary Schwab.

| Date | Attorney | Description | Hours | Hours deducted |
|------|----------|-------------|-------|----------------|
| 4/19/07 | HS | Drafting plaintiffs' sworn statements and ADR statements | 0.50 | 0.50 |
| 4/20/07 | HS | Sending plaintiffs' ADR statements and sworn statements | 0.20 | 0.20 |
| 4/30/07 | HS | Preparing sworn statements to be sent to opp counsel and ADR stmts to file | 0.80 | 0.80 |
| 1/4/08 | HS | Prepare for and attend mediation(4.0); work on pretrial memo (exhibits, witnesses, legal issues); work on trial strategy; plan discovery on G2 | 7.00 | 4.00 |

Finally, the following entries must be deleted as not

sufficiently detailed: 12/3/07 EFC Deposition preparation and

deposition 7.50 hours because it does not specify what deposition

was involved, and 30.00 hours requested by Attorney Liss-Riordan

for her post-trial work because it is not documented.

Accordingly, a total deduction of 44.50 hours for Shannon

Liss-Riordan, 53.80 hours for Hillary Schwab and 7.50 hours for

Erica Crystal must be made.

**C.   Reasonable Billable Rates**

This Court will apply an hourly rate based on the

"prevailing rates in the community (taking into account the

qualifications, experience, and specialized competence of the attorneys involved)." See generally Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). The party seeking attorneys' fees bears the burden of justifying the reasonableness of the requested rates by submitting evidence of the prevailing market rate. See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). In this case, this Court must find what constitutes a reasonable hourly rate for employment law practitioners in Boston.

The Skycaps requested $400/hour for Shannon Liss-Riordan, a partner and the lead attorney in the case, $300/hour for Hilary Schwab, a partner and the co-counsel in the case, and $225/hour for Erica Crystal an assisting counsel, an associate with seventeen years of prior experience, and David Milton, an assisting counsel and first year associate. American disputes the reasonableness of these rates.

Courts have approved even higher rates in the employment law area than requested by the Skycaps. In Tuli v. Brigham & Women's Hosp., Inc., No. 07-12338, at 3-4 (D. Mass. Jun. 8, 2009) (Gertner, J.), a case involving discrimination and retaliation claims, Judge Gertner approved rates of $570-615 per hour for lead counsel, $630-735 per hour for senior partners, $410-495 per hour for a fourth year associate, $320-385 per hour for a second year associate, and $320 per hour for a first year associate. In

Fronk v. Fowler, 22 Mass. L. Rptr. 366 (Mass. Super. Ct. May 21, 2007) (Burnes, J.), Justice Brunes held that rates of $450-575 per hour for partners and $195-360 per hour for associates are reasonable.   In Brooks Automation, Inc. v. Blueshift Techs., Inc., 21 Mass. L. Rptr. 53 (Mass. Super. Ct. Apr. 6, 2006) (Grant, J.), Justice Grant awarded the following hourly rates: $500, $600, and $625 per hour for the partners with twelve, nineteen, and twenty-three years of experience, $410 per hour for a fifth year associate, $300 per hour for a second year associate, and $260 per hour for a first year associate. Moreover, the Skycaps submit the affidavit of Attorney Kevin Powers, stating that he was awarded a rate of $400 per hour by the Supreme Judicial Court in Clifton v. MTBA, 445 Mass. 611 (2005), a discrimination and retaliation case.   Pl.'s Mot. for Atty Fees and Costs, Ex. G [Doc. No. 155].   On the other hand, in Killen v. Westban Hotel Venture, LP, 69 Mass. App. Ct. 784, 795 n.10 (2007), a case involving application of the Massachusetts Tips Law, the Appeals Court upheld as reasonable a range of $250-350 per hour.

Attorney Liss-Riordan is a successful and highly experienced plaintiff-side lawyer in the area of employment law, and specifically in litigation under the Massachusetts Tips Law.   Her reputation is well established as evidenced by the fact that *Massachusetts Lawyers Weekly* named her a lawyer of the year in

2002.  Several years ago, Attorney Liss-Riordan was awarded a $350/hour rate twice: by Judge Bowler in <u>Walsh</u> v. <u>Boston University</u>, No. 04-11240 (D. Mass. Sept. 11, 2009), and by employment neutral Mark Irvings in <u>Bilbilian</u> v. <u>Morton's of Chicago/Boston, Inc.</u>, AAA No 11-160-00217-03 (Sept. 28, 2006), Pl.'s Mot. for Atty Fees and Costs, Ex. K [Doc. No. 155].

Attorney Hilary Schwab has seven years of experience.  She has worked closely with Attorney Liss-Riordan on tips related cases since 2005.  Attorney Hilary Schwab was made a partner in 2008.  In 2009 Judge Saris awarded her $275 per hour for her work on a single plaintiff First Amendment case.  <u>Welch</u> v. <u>Ciampa et. al.</u>, No. 05-11916 (D. Mass. Mar. 10, 2009).  Attorney Hilary Schwab was co-counsel in the case and played an extensive role in both pre-trial litigation and the trial.

Assisting counsels Erica Crystal and David Milton joined the firm in 2007.  Attorney Erica Crystal had seventeen years of experience as a staff attorney at the National Labor Relations Board.  Attorney David Milton is a 2001 graduate of the New York University Law School.

Having analyzed all the above mentioned factors as well as the complexity of the case, the substantial risk undertaken by counsel, and the excellent result obtained, the Court concludes that the following rates are reasonable: $400 per hour for Attorney Liss-Riordan, $300 per hour for Attorney Hilary Schwab,

$225 per hour for Attorney Erica Crystal, and $180 for Attorney David Milton.

### D.   Total Lodestar Calculation

The lodestar calculation is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Shannon Liss-Riordan (SLR) | 389.70 hours | $400/hour | $155,880 |
| Hilary Schwab (HS) | 430.20 hours | $300/hour | $129,060 |
| David Milton (DM) | 42.10 hours | $180/hour | $7,587 |
| Erica Crystal (EFC) | 81.00 hours | $225/hour | $18,225 |
| TOTAL | | | $310,752 |

### E.   Costs

In addition to attorneys' fees, the Skycaps seek cost-shifting under in the amounts detailed in an itemized chart totalling $18,623.44.  Pl.'s Mot. for Atty Fees and Costs, Ex. B [Doc. No. 155]; Pl.'s Reply in Supp. of Mot. for Atty Fees and Costs, Ex. 3 [Doc. No. 189].  None of the expenses, however, is supported by any documentation.  Thus, the Skycaps failed in their burden to provide the Court with sufficient information about each charge.  As a result, reimbursement of costs must be denied.

## III. CONCLUSION

As a result of the foregoing analysis, the Skycaps Motion for Attorneys' Fees and Costs [Doc. No. 155] is ALLOWED.  The total award for fees and costs equals $310,752.00.

SO ORDERED.

/s/ William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE